

**ORDERED in the Southern District of Florida on October 4, 2017.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:
                                  Case No: 17-16723-AJC
                                  Chapter 13

Rowena Jewel

              Debtor           /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE
SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY
BANK OF AMERICA, N.A.**

THIS CASE came to be heard on September 26, 2107 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE #26; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of the debtor's real property (the "Real Property") located at

20421 NW 10th Avenue, Miami, Florida 33160, and more particularly described as

```
LOT 12, BLOCK 7, OF SPORT ACRES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT
BOOK 156, AT PAGE(S) 26, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.
```

(Legal description)

is $239,619.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Bank of America, N.A. (the "Lender") is $300,000.00.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on December 4, 2006 at OR BOOK 25154 Pages 3383-3390 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):
   X    Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and

      as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    __  Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

# # # #

Submitted by: James A. Poe, Esq., 9500 So. Dadeland Blvd, Ste 610, Miami, FL 33156

Attorney James A. Poe is directed to serve a copy of this order immediately upon receipt to all parties in interest and to file a certificate of mailing with the court.